### ILLINOIS CENT. R. CO. v. HICKMAN.*

(Division B. Feb. 28, 1927. On Suggestion of Error March 14, 1927.)

[111 So. 588. No. 26124.]

1. APPEAL AND ERROR. *Instruction authorizing actual damages for insult and humiliation held error, where verdict was for actual damages, though probably intended as punitive.*

In passenger's action against railroad for damages for insult and humiliation at hands of conductor, erroneous instruction authorizing actual damages, together with refusal of instruction for punitive damages warranted by the record, *held* to require

reversal, where verdict was returned as actual damages, although probably intended as punitive damages.

2. CARRIERS. *Passenger held entitled to punitive damages for conductor's wrongful conduct in falsely accusing him of attempting to ride on wrong ticket.*

   Passenger, who was falsely accused by conductor of attempting to ride on wrong ticket and of trying to beat the railroad company and of willfully lying about what kind of ticket he gave him, *held* entitled to punitive damages for conductor's willful and wrongful conduct.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1046, n. 56, 59: Carriers, 10CJ, p. 985, n. 33; p. 988, n. 42; Damages, 17CJ. p. 831, n. 54

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Action by J. H. Hickman against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded. .

*May, Sanders & McLaurin* and *R. V. Fletcher,* for appellant.

I.   *The court erred in refusing the peremptory instruction requested by the defendant.* The plaintiff was not entitled to recover actual damages because he suffered none; he was not entitled to recover punitive damages, as the trial court correctly ruled in the instruction for the defendant, and if he was not entitled to recover either actual or punitive damages, then, of course, the defendant was entitled to the peremptory instruction.

Punitive damages may not be recovered apart from physical injury except in cases of wilful wrong, malice, insult or oppression. *Dorrah* v. *R. R. Co.,* 65 Miss. 14; *Telephone Co.* v. *Rogers,* 68 Miss. 748; *G. & S. I. R. R. Co.* v. *Beard,* 129 Miss. at 834.

The plaintiff was not entitled to recover punitive damages. *R. R. Co.* v. *Gill,* 66 Miss. 39; *K. C. M. & B. R. R. Co.* v. *Fite,* 67 Miss. 373; *M. & O. R. R. Co.* v. *Farrier,*

115 Miss. 96; *N. W. & N. E. R. R. Co.* v. *Martin,* 105 So. 64.

II. *The instruction given plaintiff on actual damages is clearly erroneous.* It instructs the court to award punitive damages under the guise of actual damages.

*J. E. Berry* and *J. A. Cunningham,* for appellee.

Of itself the conductor's conduct justified the court below in refusing the peremptory instruction and was a proper basis for punitive damages. *I. C. R. C. Co.* v. *Reed,* 46 So. at 146; *Y. & M. V. R. R. Co.* v. *Fitzgerald,* 50 So. 631 and authorities there cited. See, also, *Godfrey* v. *Meridian Ry. & Light Co.,* 58 So. 534; *Y. & M. V. R. R. Co.* v. *Martin,* 29 So. 829; *Jackson Light & Traction Co.* v. *Taylor,* 72 So. 856.

Under the foregoing opinions taken in connection with the language of the conductor and the repeated insults and demeanor of oppression, the trial court certainly erred in instructing the jury that they could not give punitive damages.

HOLDEN, P. J., delivered the opinion of the court.

The Illinois Central Railroad Company appeals from a judgment of seven hundred fifty dollars in favor of J. H. Hickman, recovered as damages for insult and humiliation suffered by him at the hands of the railroad conductor, while a passenger on one of its trains between Birmingham, Ala., and Belmont, Miss.

The railroad company urges reversal upon several grounds, but we think there is no merit in any of the contentions except one, and that is, that the court erred in granting the instruction for the plaintiff below which told the jury that:

"If they believe from a preponderance of the evidence that the defendant's conductor, willfully, knowingly, used harsh language and applied to plaintiff abusive and insulting language such as to humiliate and embarrass plaintiff, then you should find for the plaintiff, and assess such actual damages as will in your judgment from the evidence reasonably compensate him for such humiliation and embarrassment sustained thereby as a result of such wrong."

The willful and insulting language used by the conductor toward the appellee would have justified an instruction for punitive damages, but there could be no actual damages in the sum of seven hundred fifty dollars for mere mental suffering as found in this case. Therefore this instruction was error, but it seems that the jury returned a verdict for seven hundred fifty dollars as actual damages, whereas the jury, no doubt, intended to find the amount as punitive damages. The court refused to grant an instruction for punitive damages, for the plaintiff, although the record disclosed a case warranting the infliction of punitive damages. These errors by the lower court must necessarily result in a reversal on this appeal.

The court should have granted an instruction for punitive damages and refused the instruction for actual damages; and, while we think that the jury must have intended to render a verdict for punitive damages under the guise of actual damages, as instructed, still we cannot be certain enough in this regard to justify an affirmance of the case.

Suppose that the jury would not have rendered a verdict for punitive damages, and, of course, the court cannot peremptorily charge the jury to return a verdict for punitive damages, and, even though we believe the verdict of the jury would have been justified as punitive damages, still we must remand the case for a new trial so that the court may properly instruct the jury on the question of damages.

The appellant railroad company contends that there is no liability in the case, because the conductor and the appellee merely had an excited argument about a ticket, and that there was no willful insult offered by the conductor.

We have carefully examined the proof on this point, and we do not hesitate to say that the testimony shows, and it is practically admitted by the conductor, that the appellee was grossly insulted by the conductor, resulting in great humiliation and embarrassment to appellee. In short, the conductor wrongfully, willfully, and insultingly accused appellee of giving him a ticket from Haleyville, Ala., to Redbay, Ala., instead of giving him a ticket from Birmingham, Ala., to Belmont, Miss.; and in this connection we see no use in setting out the details of the controversy between the conductor and appellee on the train, but we deem it sufficient to say that the conductor insulted appellee, put on "a scene" before the passengers on the train, and accused appellee of trying to beat the railroad company, intimating strongly that appellee was willfully lying about what kind of ticket he gave him. The appellee was polite in replying to the charges of the conductor, saying only, "You are mistaken." After the train had reached its terminal, the conductor discovered that appellee had given him the right ticket from Birmingham to Belmont, Miss., and that he (the conductor) had gotten the ticket mixed up or misplaced among some Pullman tickets. The conductor admitted his mistake, and wrote a letter to the agent, in which he acknowledged his mistake and wrongful position in the controversy with the appellee.

Counsel for the railroad company say that the conductor apologized for his mistake, but we fail to find in the record where he apologized to appellee for the treatment he had given him. However, we have no doubt that the evidence justified the infliction of punitive damages for the willful and wrongful conduct of the conductor toward the appellant.

On account of the erroneous instruction for actual damages granted plaintiff below, and the refusal of the instruction for punitive damages asked for by plaintiff, which refusal was excepted to by plaintiff, the judgment of the lower court must be reversed, and the case remanded for a new trial on the question of the amount of damages only.

*Reversed and remanded.*

## On Suggestion of Error.

The suggestion of error filed by counsel for the appellee, Hickman, has been carefully considered by the members of this division, and it is our opinion that the judgment in this case should be reversed on both direct and cross appeals. Our former opinion does so, in effect, but, as counsel desires it, we expressly and specifically reverse on cross-appeal.

The error urged on cross-appeal was that the court erred in refusing to grant the plaintiff an instruction on punitive damages. This contention was well grounded. See the former opinion. We also state again that the lower court erred in granting the instruction for the plaintiff for actual damages, resulting in a verdict for seven hundred fifty dollars. No actual damages, beyond nominal, can be recovered for mere humiliation and embarrassment, or what is termed mental pain and suffering, unless connected with physical injury or given by way of punitive damages. This is the universal rule of law in Mississippi, and has been so for many years. The cases cited by counsel on the suggestion of error do not hold to the contrary, but support the view we have here announced.

Suggestion of error is sustained in part and overruled in part.

*Sustained in part and overruled in part.*